J-S55039-17
J-S55040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND C. DASILVA, JR., | : | |
| | : | |
| Appellant | : | No. 206 MDA 2017 |

Appeal from the Order Entered January 6, 2017
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000875-1998

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND C. DASILVA, JR., | : | |
| | : | |
| Appellant | : | No. 501 MDA 2017 |

Appeal from the Order Entered January 6, 2017
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000890-1998

BEFORE:    DUBOW, RANSOM, AND STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 04, 2017**

Raymond C. Dasilva, Jr. (Appellant) appeals from the order entered on January 6, 2017, in which the trial court denied Appellant's petition for writ of *habeas corpus* seeking to preclude application of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. We reverse.

*Retired Senior Judge assigned to the Superior Court.

On June 16, 1998, Appellant pled guilty to aggravated indecent assault at docket number 875-1998 and indecent assault, indecent exposure, corruption of minors, and criminal attempt to commit rape at docket number 890-1998. On August 26, 1998, the trial court determined that Appellant was not a sexually violent predator and sentenced him to an aggregate sentence of two-and-one-half to five years of incarceration. At the time Appellant was sentenced, Megan's Law, 42 Pa.C.S. §§ 9791–9799, required Appellant to register with the state police for ten years. N.T., 1/6/2017, at 14 (stipulation by Appellant and Commonwealth).

Meanwhile, on December 20, 2011, the legislature enacted SORNA. SORNA became effective on December 20, 2012. Due to its classification of aggravated indecent assault and criminal attempt to commit rape as Tier III offenses, SORNA required a person convicted of those offenses to register for the remainder of his or her lifetime. 42 Pa.C.S. § 9799.14(d)(7), (14). It also enhanced registration requirements for Tier III offenses, including quarterly in-person reporting and dissemination of personal information *via* an Internet website. ***Commonwealth v. Muniz***, __ A.3d __, 2017 WL 3173066, at *20 (Pa. July 19, 2017), (citing ***Commonwealth v. Perez***, 97 A.3d 747, 765 (Donohue, J. concurring)). Because Appellant was still required to register with the state police at the time SORNA went into effect, SORNA purported to impose the new registration requirements and other provisions of SORNA on him retroactively. 42 Pa.C.S. § 9799.13(3)(i)

(requiring any individual who had not completed his or her registration period under prior registration statutes as of SORNA's December 20, 2012 effective date to register and comply with SORNA).

On May 19, 2015, Appellant filed *pro se* a petition for writ of *habeas corpus*, wherein he argued that SORNA should not apply to him. Subsequently, counsel entered an appearance on Appellant's behalf. On January 6, 2017, after a hearing regarding Appellant's petition, the trial court denied Appellant's petition.

These timely-filed appeals followed.[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises two issues for our review. In the first issue, Appellant questions whether the trial court erred in denying his petition for writ of *habeas corpus* based upon Appellant's contention that a ten-year registration period was part of his plea agreement. Appellant's Brief at 5. In the second issue, Appellant asks this Court to decide whether applying SORNA to him violates the *ex post facto* clauses of the United States and Pennsylvania constitutions. **Id.**

While this appeal was pending, our Supreme Court issued its decision in **Muniz**. Muniz was convicted of two counts of indecent assault in 2007. He was scheduled for sentencing later that year, "at which time he would

_____

[1] The trial court's January 6, 2017 order was filed at both dockets. Appellant filed separate notices of appeal for each docket, but raises identical issues and filed identical briefs.

- 3 -

have been ordered to register as a sex offender with the Pennsylvania State Police for a period of ten years pursuant to then-effective Megan's Law III."[2] *Muniz*, ___ A.3d at ___, 2017 WL 3173066, at *1 (citing 42 Pa.C.S. § 9795.1 (expired)). Before he could be sentenced, Muniz absconded, and was later sentenced in 2014 after he was apprehended. *Id.*

At his sentencing in 2014, Muniz was ordered to comply with lifetime registration provisions under SORNA, which had replaced Megan's Law III in his absence. Muniz filed a post-sentence motion seeking application of the ten-year registration period under Megan's Law III instead of lifetime registration under SORNA. After his motion was denied by the trial court, Muniz appealed to this Court, claiming, *inter alia*, that retroactive application of SORNA violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. This Court affirmed Muniz's judgment of sentence.

On appeal, our Supreme Court reversed this Court's decision and vacated the portion of the sentence requiring Muniz to comply with SORNA. Five of the six participating justices held that SORNA's enhanced registration provisions constitute punishment, notwithstanding the General Assembly's identification of the provisions as nonpunitive, and, further, determined that retroactive application of SORNA's registration provisions violates the *ex*

---

[2] Megan's Law III replaced earlier versions of Megan's Law.

*post facto* clause of the Pennsylvania Constitution.[3] **See id.** at *1; **id.** at *27 (Wecht, J. concurring). The Court noted that Muniz's seven-year absence from the Commonwealth did not affect its decision, because had Muniz been sentenced in 2007 and subject to registration under Megan's Law III, pursuant to section 9799.13 of SORNA, his ten-year registration period would have converted to a lifetime registration period when SORNA became effective. **Id.** at *1 n.3.

In the instant case, there is no dispute that Appellant's period of registration would have concluded in 2013 but for the passage of SORNA.[4] N.T., 1/6/2017, at 14-15. Since Appellant had not completed his registration period when SORNA took effect, section 9799.13 of SORNA purported to apply SORNA to him. On appeal, Appellant contends SORNA

---

[3] The lead opinion, which was authored by Justice Dougherty and joined by Justices Baer and Donohue, also stated that retroactive application of SORNA's registration provisions is unconstitutional under the *ex post facto* clause in Article I, Section 10 of the United States Constitution. **Id.** at *23. Justice Wecht, in a concurring opinion joined by Justice Todd, declined to address Muniz's claim that SORNA also violates the *ex post facto* clause of the United States Constitution, preferring to resolve the case on state grounds only, and further, disagreed with the lead opinion's statement that Article 1, Section 17 of the Pennsylvania Constitution provides more protections than the *ex post facto* clause of the federal Constitution. **See id.** at *27 (Wecht, J. concurring). Nevertheless, Justices Wecht and Todd agreed that SORNA is punitive in effect, and therefore, that applying SORNA retroactively to Muniz violates Article I, Section 17 of the Pennsylvania Constitution. **Id.**

[4] Thus, based on our resolution of Appellant's second issue *supra*, his first issue is moot.

cannot apply to him without running afoul of Pennsylvania's *ex post facto* clause. Under **Muniz**, he is correct.[5]

Accordingly, we reverse the trial court's order denying Appellant's petition for a writ of *habeas corpus*.

Order reversed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2017

---

[5] The trial court did not have the benefit of **Muniz** either at the time of his order denying Appellant's petition for a writ of *habeas corpus* or at the time he filed his Rule 1925(a) opinion.